**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

JUAN HACHE ROMERO, *on behalf
of himself and all others similarly situated,*

    Plaintiff,

v.

FINANCIAL BUSINESS AND CONSUMER
SOLUTIONS, INC., *a Pennsylvania Corporation,*
dba FBCS, INC., *a Pennsylvania Corporation,* and
MIDLAND CREDIT MANAGEMENT, INC.,
*a Kansas Corporation,*

    Defendants.
_____/

## **CLASS ACTION COMPLAINT**

1.    Plaintiff alleges violations of the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.* ("*FDCPA*").

### **JURISDICTION AND VENUE**

2.    This Court has jurisdiction under the *Fair Debt Collection Practices Act*, pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*.

3.    Venue in this District is proper because Plaintiff resides here and Defendants conduct business in this District.

### **PARTIES**

4.    Plaintiff, Juan Hache Romero, ("Plaintiff") is a natural person, and citizen of the State of Florida, residing in Saint Lucie County, Florida.

5.    Defendant, Financial Business and Consumer Solutions, Inc., ("Defendant FBCS") is a Pennsylvania, Corporation doing business as FBCS, Inc., and is engaged in the business of

collecting consumer debts, operating from offices located at 330 S. Warminster Road Suite 353, Hatboro, Pennsylvania 19040.

6. Defendant, Midland Credit Management, Inc., ("Defendant Midland Credit"), is a Kansas Corporation, engaged in the business of collecting consumer debts, which operates from offices located at 3111 Camino Del Rio North 103, San Diego, California 92108.

7. Defendant FBCS and Defendant Midland Credit herein collectively referred to as "Defendants."

8. Defendants regularly use the United States Postal Service and telephone in the collection of consumer debts.

9. Defendants regularly collect or attempt to collect consumer debts for other parties. Defendants are "debt collectors" as defined by the *FDCPA*.

10. Defendant FBCS has a Florida Consumer Collection license. License Number CCA0900484. Defendant FBCS does not have a Florida Commercial Collection license.

11. Defendant Midland Credit has a Florida Consumer Collection license. License Number CCA0900916. Defendant Midland Credit does not have a Florida Commercial Collection license.

12. At all times material to the allegations of this Complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

13. Defendants sought to collect a consumer debt from Plaintiff arising from an alleged delinquency on an Citi Financial credit card. The credit card was not used for any commercial purpose. The debt was incurred primarily for personal, household or family use.

14. On or about October 5, 2016, Defendants caused to be mailed to Plaintiff a letter seeking payment of the alleged debt. (The "Demand Letter" is attached hereto as "Exhibit 1.")

15. The Demand Letter states in part:

Our client, MIDLAND CREDIT MANAGEMENT, INC., has authorized us to accept a 40% discount off your $6,958.27 outstanding balance to settle the account in full.  The complete details of your account are:

| | |
|---|---|
| Owner< | MIDLAND FUNDING LLC |
| Current Creditor< | MIDLAND CREDIT MANAGEMENT, INC. |
| Original Creditor< | CITIFINANCIAL |

xxxx

The law limits how long you can be sued on a debt and how long a debt can appear on your credit report.  Due to the age of this debt, our client will not sue you for it or report payment or non-payment of it to a credit bureau.

16. The Demand Letter sought to collect an alleged debt alleged to be owed to Defendant Midland Credit.

17. The Demand Letter identifies "MIDLAND CREDIT MANAGEMENT, INC." as the "client" and the "current creditor" and identifies the "owner" as "MIDLAND FUNDING LLC."

18. Midland Funding LLC has a Florida Consumer Collection license.  License number CCA0900917.  Midland Funding LLC does not have a Florida Commercial Collection license.

19. The Demand Letter was Defendants' initial communication with Plaintiff with respect to the debt alleged therein.

20. *15 U.S.C. §1692g(a)* states:

> Validation of debts.
>
> (a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

(1) the amount of the debt;

**(2) the name of the creditor to whom the debt is owed;**

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis added).

21. *15 U.S.C. §1692e(10)* states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

xxxx

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

22. Any potential *bona fide* error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

4

## **CLASS ACTION ALLEGATIONS**

23. This action is brought on behalf of a Class consisting of (i) all persons with addresses in the Florida Counties that comprise the geographical boundaries of the United States Court for the Southern District of Florida, namely Miami-Dade, Monroe, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands Counties (ii) to whom letters that contained the language: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report.  Due to the age of this debt, our client will not sue you for it or report payment or non-payment of it to a credit bureau."  (iii) that were mailed, or caused to be mailed, by either or both Defendants on behalf of Defendant Midland Credit for a debt alleged to be owned by Midland Funding LLC (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one year period prior to the filing of the original Complaint in this action through the date of certification.

24. Plaintiff alleges on information and belief that Defendants' use of the phrase: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report.  Due to the age of this debt, our client will not sue you for it or report payment or non-payment of it to a credit bureau."  in its letters served upon the Class that also identified Midland Credit Management, Inc. as the "Current Creditor" and Midland Funding LLC as the "Owner", that the Class is so numerous joinder of all members of the Class is impractical.

25. There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual Class members. The factual issue common to each Class member is that each was mailed, or caused to be mailed, a letter by Defendants on behalf of Defendant Midland Credit for a debt alleged to be owned by Midland Funding LLC that

5

contained the phrase: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, our client will not sue you for it or report payment or non-payment of it to a credit bureau." The common principal legal issue is whether Defendant FBCS's wording violated the *FDCPA* by misleadingly stating that "our client will not sue you" to collect the balance while not stating that the debt was time barred and that the creditor could not lawfully sue to recover the debt and if the proper creditor was effectively conveyed to Plaintiff and the Class.

26. Plaintiff's claim is typical of those of the Class members. All are based on the same facts and legal theories.

27. Plaintiff will fairly and adequately protect the interests of the Class. He has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

28. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29. Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; his appointment as Class Representative; and that his attorney Leo W. Desmond be appointed Class Counsel.

## COUNT I CLASS CLAIM AGAINST DEFENDANTS
## VIOLATION OF *15 U.S.C. §1692g(a)*

30. Plaintiff re-alleges Paragraphs 1 through 22.

31. After an initial communication with Plaintiff and the Class, pursuant to *15 U.S.C §1692g(a)* the Defendant FBCS must provide the Plaintiff and the Class with:

>  (a) Notice of debt; contents.
>
>  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
>  (1) the amount of the debt;
>
>  **(2) the name of the creditor to whom the debt is owed;**
>
>  (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>  (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>  (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis added).

32. Defendants mailed, or caused to be mailed, the Demand Letter to Plaintiff and the Class that purported to be on behalf Defendant Midland Credit in an attempt to collect a consumer

7

debt alleged to be owned by Midland Funding LLC, namely to collect alleged debts from Plaintiff's credit card usage.

33. Defendant's Demand Letter contradicts and overshadows the Plaintiff's right to the information prescribed by *15 U.S.C. §1692g(a)(2)* by naming Defendant Midland Credit Management, Inc., as the creditor of the debt and Midland Funding LLC is the owner of the debt.

34. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

35. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

### COUNT II CLASS CLAIM AGAINST DEFENDANTS VIOLATION OF *15 U.S.C. §1692e*

36. Plaintiff re-alleges Paragraphs 1 through 22 and Paragraphs 31 through 35.

37. *15 U.S.C. §1692e(10)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

38. Defendants mailed, or caused to be mailed, the Demand Letter to Plaintiff and the Class on behalf of its client, Defendant Midland Credit on an alleged debt owned by Midland Funding LLC, in an attempt to collect a consumer debt, namely to collect alleged debts from Plaintiff's credit card usage.

39. The Demand Letter stated in pertinent part: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt,

our client will not sue you for it or report payment or non-payment of it to a credit bureau." ("The Phrase.")

40. The Demand Letter stated that Defendant FBCS's "client" would not sue Plaintiff. However, the Demand Letter made no mention as to the debt owner's (Midland Funding LLC) right to sue Plaintiff.

41. The Phrase does not state that the debt cannot be collected because the applicable statute of limitations has expired, making the filing of a lawsuit to collect the debt time barred.

42. The Phrase states that the "client will not sue you" meaning that Defendant FBCS's client, Defendant Midland Credit, has *voluntarily* chosen not to sue to collect the debt as opposed to stating that the client *could not* sue to collect the time-barred debt. The Phrase did not state that the current owner, Midland Funding LLC could not sue.

43. Defendants' letter is deceptive and misleading in that it invited Plaintiff to make payment on the debt but did not inform Plaintiff that payment on a time barred debt would revive the debt and re-start the time period for filing a lawsuit against Plaintiff for the debt.

44. Defendants' Demand Letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

45. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

46. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

a. An Order certifying the *FDCPA* matter as a Class Action and appointment of Plaintiff as Class Representative;

  b. An Order appointing Leo W. Desmond as Class Counsel;

  c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

  d. An award of attorney's fees, litigation expenses and costs of the instant suit;

  e. Any and all prejudgment interest rendered by law; and

Such other and further relief as the Court deems proper.

Dated: October 3, 2017.

    Respectfully submitted,

    */s/ Leo W. Desmond*
    Leo W. Desmond, Esquire
    Florida Bar Number 0041920
    DESMOND LAW FIRM, P.C.
    5070 Highway A1A, Suite D
    Vero Beach, Florida 32963
    Telephone: 772.231.9600
    Facsimile:   772.231.0300
    lwd@desmondlawfirm.com
    *Attorney for Plaintiff*